**WO**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

Cuprite Mine Partners, L.L.C., an Arizona limited liability company,

        Plaintiff,

v.

John H. Anderson, a married man acting in his sole and separate capacity; et al.,

        Defendants.

CIV 12-286 TUC DCB (LAB)

**REPORT AND RECOMMENDATION**

Pending before the court are five separate motions to dismiss the plaintiff's amended complaint pursuant to Fed.R.Civ.P 12(b)(6). (Docs. 25, 27, 44, 47, 60)

This action concerns sixteen patented lode mining claims located in the Copper Mountain Mining District of Greenlee County, AZ. (Doc. 14) The plaintiff owns a 5/6 fractional interest in each of the sixteen mining claims. *Id.* The remaining 1/6 fractional interest is owned by one of the five individual defendants. *Id.* The plaintiff filed this action pursuant to A.R.S. §§ 12-1211 and 12-1218 to have the sixteen mining claims partitioned by sale. *Id.* Apparently, the plaintiff would like to sell the mining claims to the owners of the copper mine next door, but the defendants refuse to agree. Each of the five defendants moves separately that this court dismiss the amended complaint pursuant to Fed.R.Civ.P. 12(b)(6).

The case has been referred to Magistrate Judge Bowman for all pretrial matters pursuant to the local Rules of Practice. LRCiv 72.2.

The motions should be denied. The amended complaint complies with the statutory requirements of A.R.S. § 12-1211. The various claims and defendants are properly joined.

Standard of Review

"A Rule 12(b)(6) motion tests the legal sufficiency of the claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). The claim must allege a legally cognizable theory of relief and include factual allegations sufficient to support that theory. *Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

To survive the motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (internal punctuation omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556, 1965 (internal punctuation omitted).

Among the five motions to dismiss, the court has identified four issues directed to the construction of the amended complaint and three additional issues directed to the merits of the action. The court will analyze each of those issues in turn.

DISCUSSION

The defendants argue first that the plaintiff's amended complaint must be dismissed because A.R.S. § 12-1211 does not permit a plaintiff to proceed in a single complaint against "all five defendants when none of the five defendants is a co-tenant /co-owner." (Doc. 25, p. 2)

The partition statute reads in pertinent part as follows:

> The owner or claimant of real property or any interest therein may compel a partition of the property between him and other owners or claimants by filing a complaint in the superior court of the county in which the property, or a portion thereof, is situated.
>
> B. The complaint shall state:
>
> 1. The names and residences, if known, of each of the owners or claimants.

- 2 -

1    2. The share or interest which plaintiff and the owners or claimants own or claim, so far as known to plaintiff.

2

3    3. A description of the real property to identify it and its estimated value.

4 A.R.S. § 12-1211

5 In this case, the defendant, John H. Anderson, owns a 1/6 share of four of the mining
6 claims at issue: Dutch, Cuprite, Red Jacket, and McClave. (Doc. 25, p. 3) Peter H. Anderson,
7 owns 1/6 of U.S.A., Cuprite No. 2, and Adah Blanche. *Id*. Todd C. Anderson owns 1/6 of April
8 Fool, Kirksville, and Ironsides. *Id*. Stacey Elizabeth Anderson Ord owns 1/6 of Montezuma
9 Chief, Eunice, and Roosevelt. *Id*. And, Margaret Jane Anderson Liljienquist owns 1/6 of Utica,
10 U.S.N., and Togo. *Id*. The plaintiff owns the remaining 5/6 share of each of the sixteen mining
11 claims. *Id*.

12 The defendants argue that A.R.S. § 12-1211 permits only a single action against the co-
13 owners of a particular property. It therefore does not permit a plaintiff to proceed against a
14 number of defendants, each of whom owns a separate property in common with the plaintiff.

15 Here, the five individual defendants own property in common with the plaintiff but not
16 in common with each other. This situation, argue the defendants, is not provided for by the
17 partition statute. The amended complaint therefore must be dismissed, and the plaintiff must
18 file five separate complaints, each directed to one of the five defendants. The court does not
19 agree.

20 Assuming the defendants are correct and the statute must be applied separately to each
21 defendant, the worst that can be said of the plaintiff's amended complaint is that it improperly
22 combines five separate actions against five different defendants. In other words, the defendants
23 are arguing the plaintiff has committed misjoinder of parties. Misjoinder of parties, however,
24 is not a ground for dismissing an action. Fed.R.Civ.P. 21. Accordingly, the defendants are not
25 entitled relief on this issue.

26 If there were misjoinder, the defendants could move that the court sever the claims
27 directed against each of them. Here, however, there is no misjoinder. The plaintiff has asserted

28
- 3 -

1 the same right to partition against each defendant. The mining claims share a common history 2 having been originally acquired by Guy Anderson, the father of John H. Anderson and 3 grandfather to the remaining defendants. (Doc. 25, pp. 3-5); (Doc. 35, pp. 3-4) Moreover, they 4 are situated in such close proximity to each other that partitioning any individual mining claim 5 would be problematic without considering the surrounding ones.  (Doc. 14-1, p. 1); (Doc. 44, 6 p. 15); *See* Fed.R.Civ.P. 19(a)(1).  Finally, there are common issues of fact and law among the 7 various defendants.  Joinder of defendants therefore is permitted here.  Fed.R.Civ.P. 20(a)(2); 8 *see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency,* 558 F.2d 914, 917 9 (9th Cir. 1977) ("We start with the premise that Rule 20, Fed. Rules Civ. Proc., regarding 10 permissive joinder is to be construed liberally in order to promote trial convenience and to 11 expedite the final determination of disputes, thereby preventing multiple lawsuits.").

12 In the alternative, the defendants argue that each mining claim requires its own complaint 13 because the statute applies only to a single contiguous piece of property.  (Doc.  44, pp. 8-9) 14 Assuming their interpretation of the statute is correct, they still are not entitled to dismissal.  *But* 15 *see Owens v. M.E. Schepp Ltd. Partnership*, 218 Ariz. 222, 224, 182 P.3d 664, 666 (2008) (en 16 banc) (applying A.R.S. § 12-1211 to land consisting of two unimproved lots and one improved 17 lot).  The Federal Rules of Civil Procedure provide for joinder of claims against a single 18 defendant.  *See* Fed.R.Civ.P. 18; *see also United Mine Workers of America v. Gibbs*, 383 U.S. 19 715, 724, 86 S.Ct. 1130, 1138 (1966) ("Under the Rules [of Civil Procedure], the impulse is 20 toward entertaining the broadest possible scope of action consistent with fairness to the parties; 21 joinder of claims, parties and remedies is strongly encouraged.").

22 The defendants further argue the complaint should be dismissed because the plaintiff 23 failed to state the value of the property in accordance with the statute.

24 The partition statute states that a complaint must include "[a] description of the real 25 property to identify it and its estimated value." A.R.S. § 12-1211(B)(3).

Here, the amended complaint states that "[t]he value of the Subject Property is in excess of $75,000." (Doc. 14, p. 2, ¶ 2)  While the court agrees that the plaintiff's estimation is a fairly loose one, the court nevertheless concludes it is sufficient in this case.

Presumably, the statute asks for the estimated value of the property as a means of putting the defendant on notice as to the nature of the property at issue.  It is conceivable that by using an unrealistically low estimation of the property's value, an unscrupulous plaintiff could fool an unsuspecting defendant into carelessly relinquishing property with significant hidden value.  Here by contrast, all parties are already keenly aware of the location of the properties and the factors influencing their potential value.  *See* (Doc. 44, pp. 12-15)  The plaintiff's estimation of value as "in excess of $75,000" is sufficient to comply with the terms of the statute and notify the defendants of the nature of the property at issue.  *See* (Doc. 14, p. 2, ¶2)

The defendants also argue the amended complaint fails to contain a proper description of the property at issue.  (Doc. 44, p. 10); (Doc. 47, p. 17)  Specifically, the defendant, Stacey Elizabeth Anderson Ord, complains the amended complaint is insufficient because the plaintiff fails to specify the precise section in which each of her mining claims is situated.  (Doc. 44, p. 10)

The amended complaint reads in pertinent part as follows:

> This action concerns real property comprised of sixteen (16) patented lode mining claims located in the Copper Mountain Mining District, Greenlee County, State of Arizona, in Sections 29, 30, 31 and 32, Township 3 South, Range 29 East, G&SR Mer., specifically described within Mineral Survey No. 2834 of the Public Land Survey System and described as the Montezuma Chief, Togo, U.S.A., Dutch, Eunice, Ironsides, April Fool, Kirksville, Cuprite, Cuprite No. 2, U.S.N., Adah Blanche, Red Jacket, McClave, Roosevelt, and Utica claims, patented under Patent Nos. 389348 and 318425, and depicted on a map attached hereto as Exhibit A (hereinafter referred to as the "Subject Property").

(Doc. 14, p. 2, ¶ 1)

Ord is correct when she observes that the amended complaint does not identify the section in which each of her mining claims is located.  Nevertheless, the court concludes the amended complaint describes the mining claims at issue with sufficient clarity to comply with

- 5 -

<span>
<span>
</span>
</span>

<span>
<span>
<span>
<span>
</span>
</span>
</span>
</span>

<span>
</span>

<span>
<span>
</span>
</span>

the statute and provide notice to the defendants. None of the defendants seem to be confused as to which mining claims form the subject of the litigation.

Finally, the defendants advance a number of interrelated arguments that the plaintiff should not be awarded partition by sale because of the unclean hands doctrine, or because partition would work an inequity, or because partition is inherently unworkable where each mining claim has its own unique features and value. (Doc. 44, pp. 6, 10-15); (Doc. 47, p. 17) These arguments, however, rely on material beyond the pleadings and should not be raised on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order DENYING the defendants' five motions to dismiss the plaintiff's amended complaint pursuant to Fed.R.Civ.P 12(b)(6). (Docs. 25, 27, 44, 47, 60)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See U. S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

DATED this 17th day of October, 2012.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge