# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Cuprite Mine Partners, LLC, an Arizona limited liability company,

        Plaintiff,

v.

John H. Anderson, a married man acting in is sole and separate capacity, et al.,

        Defendants.

CV 12-286-TUC-DCB

**ORDER**

    This matter was referred to Magistrate Judge Leslie A. Bowman on July 16, 2012, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On October 17, 2012, Magistrate Judge Bowman issued a Report and Recommendation (R&R). She recommends that the Court deny five Motions to Dismiss the Plaintiff's Amended Complaint, which have been urged pursuant to Fed. R. Civ. P. 12(b)(6). The Magistrate Judge found the Amended Complaint states a claim for partition under A.R.S. § 12-1211. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and denies the Motions to Dismiss the Amended Complaint.

## STANDARD OF REVIEW

    The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo*

determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendants, and the parties' briefs considered by the Magistrate Judge in deciding the motions to dismiss.

**OBJECTIONS**

The objections filed by Defendants John, Margaret Jane, and Stacey Elizabeth Anderson were not argued to the Magistrate Judge and, therefore, not considered here. Defendant Todd's objection asserts he seeks sound business practices be followed, rather than have a distressed sale forced by the partition action. Defendant Haakon's objection asserts that no one has ever heard of joinder in connection with a partition action and each of his three properties must be considered independently.

As explained in the R&R, the Plaintiff, Cuprite Mine Partners, owns a 5/6 fractional interest in each of sixteen mining claims. The remaining 1/6 fractional interest was owned

by Defendant John H. Anderson at the time the Plaintiff filed the Complaint seeking partition by sale of the 16 mining claims.  Thereafter, Defendant John H. Anderson, conveyed his 1/6 interest in twelve of the sixteen claims to his four children, giving three each to his children and retaining four for himself.  On June 27, 2012, the Plaintiff filed an Amended Complaint adding the children as Defendants.  In turn, the Defendants filed the motions to dismiss asserting they may not be joined in this action and that the Plaintiffs must sue each of them separately and individually.

The Court agrees with the Magistrate Judge that joinder of these Defendants is required and, therefore, proper under Fed. R. Civ. P. 19(a)(1), and permissive joinder is also proper under Fed. R. Civ. P. 20(a)(2).  The Court has found no case law to support the Defendants' assertion that the federal joinder statutes do not or should not apply in this partition case. For all the reasons stated in the R&R, the Court denies the Defendants' Motions to Dismiss this action for improper joinder.

## CONCLUSION

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R for determining the pending Motions to Dismiss.  The Court adopts it, and for the reasons stated in the R&R, the Court denies Defendants' Motions to Dismiss.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 65) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (Docs. 25, 27, 44, 47 and 60) are DENIED.

/ / /

/ / /

1 **IT IS FURTHER ORDERED** that this matter remains referred to <u>Magistrate Judge Leslie A. Bowman</u> for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv. 72.1.

DATED this 30th day of November, 2012.

David C. Bury<br>
United States District Judge