**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Cuprite Mine Partners, L.L.C., an Arizona limited liability company,<br><br>　　　　　Plaintiff,<br>v.<br><br>John H. Anderson, a married man acting in his sole and separate capacity; et al.,<br><br>　　　　　Defendants. | CIV 12-286 TUC DCB (LAB)<br><br>**ORDER** |

Pending before the court is a motion, filed by the defendant, Margaret Jane Anderson Liljenquist, on August 10, 2012, to expunge the plaintiff's first amended notice of pendency of action. (Doc. 54)

Also pending is a similar motion to expunge filed by the defendant, Peter Haakon Anderson, on November 26, 2012. (Doc. 83)

This action concerns sixteen patented lode mining claims located in the Copper Mountain Mining District of Greenlee County, AZ. (Doc. 14) The plaintiff owns a 5/6 fractional interest in each of the sixteen mining claims. *Id*. The remaining 1/6 fractional interest is owned by one of the five individual defendants. *Id*. The plaintiff filed this action pursuant to A.R.S. §§ 12-1211 and 12-1218 to have the sixteen mining claims partitioned by sale. *Id*. Apparently, the plaintiff would like to sell the mining claims to the owners of the copper mine next door, but the defendants refuse to agree.

The case has been referred to Magistrate Judge Bowman for all pretrial matters pursuant to the local Rules of Practice. LRCiv 72.2.

Discussion

On July 30, 2012, the plaintiff filed an amended notice of lis pendens stating that an action has been filed in this court involving sixteen lode mining claims in Greenlee County, Arizona. (Doc. 43) The notice gives the name and location of each of the mining claims. *Id.*

The defendants argue the lis pendens should be expunged either because the form of the document does not comply with the applicable statute (Docs. 54, 83) or because the underlying complaint was not properly pled (Doc. 54).

The latter argument was made when the defendants' motions to dismiss the complaint were still pending. The court has since denied those motions. (Doc. 88) Accordingly, the court finds the underlying complaint is not faulty and the lis pendens should not be expunged on that ground.

In the alternative, the defendants argue the lis pendens should be expunged because it does not comply with A.R.S. 12-1191(A).

"A lis pendens is a statutory method for a party to litigation to alert future purchasers or encumbrancers of the property affected and the claims made in the complaint." *In re Farnsworth*, 384 B.R. 842, 847 (Bkrtcy.D.Ariz. 2008) (punctuation modified). The statute reads in pertinent part as follows:

> In an action affecting title to real property, the plaintiff at the time of filing the complaint, or thereafter, and the defendant at the time of filing the defendant's pleading when affirmative relief is claimed in such pleading, or thereafter, may file in the office of the recorder of the county in which the *property* is situated a notice of the pendency of the action or defense.

A.R.S. § 12-1191(A) (emphasis added).

The defendants argue the statute's use of the word "property" in the singular means that a proper lis pendens must reference only a single property. Because the plaintiff's lis pendens lists *sixteen* properties within a single notice, the defendants argue it must be expunged. The defendants suggest the plaintiff file sixteen separate lis pendens, one for each mining claim. The court does not agree.

- 2 -

The Arizona Revised Statutes' rules of statutory construction specifically state that "words in the singular number include the plural, and words in the plural number include the singular." A.R.S. § 1-214(B). Therefore, the singular word "property" in A.R.S. § 12-1191 may be construed as referring to proper*ties*, in the plural.

The court further finds that combining all sixteen properties within a single notice is the most efficient and economical method for giving prospective purchasers notice of the pending action. Accordingly, extending the singular term to include the plural here is consonant with the legislative intent. *See Estate of McGill ex rel. McGill v. Albrecht*, 203 Ariz. 525, 529, 57 P.3d 384, 388 ( 2002) (Our courts have always construed A.R.S. § 1-214 as a permissive statute, permitting us to interpret the singular as the plural . . . when such an interpretation will enable us to carry out legislative intent.) It was not error to reference all sixteen mining claims in the same lis pendens notice. *See, e.g., In re Ryan A.*, 202 Ariz. 19, 25, 39 P.3d 543, 549 (App. 2002) (The singular word "parent" in restitution statute applies to both parents.); *but see Estate of McGill ex rel. McGill*, 203 Ariz. at 529, 57 P.3d at 388 (The plural phrase "negligent acts or omissions" does not include the singular where that interpretation would not be "consistent with the legislature's obvious intent.").

IT IS ORDERED that the defendants' motions to expunge the plaintiff's first amended notice of pendency of action are DENIED. (Doc. 54, 83)

DATED this 20th day of December, 2012.

_____
Leslie A. Bowman
United States Magistrate Judge

- 3 -