**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Cuprite Mine Partners, L.L.C., an Arizona limited liability company,<br><br>       Plaintiff,<br>v.<br><br>John H. Anderson, a married man acting in his sole and separate capacity; et al.,<br><br>       Defendants;<br>_____<br><br>John H. Anderson, an individual,<br><br>       Counterclaimant,<br><br>v.<br><br>Cuprite Mine Partners, L.L.C., an Arizona limited liability company; Mark L. Anderson, an individual; and George G. Anderson, an individual,<br><br>       Counterdefendants.<br>_____ | CIV 12-286 TUC DCB (LAB)<br><br>**REPORT AND RECOMMENDATION** |

      Pending before the court is the plaintiff's motion for summary judgment filed on October 18, 2012. (Doc. 66)

      Also pending is the defendants' motion for the court to try the partition issue with an advisory jury pursuant to Fed.R.Civ.P. 39(c)(1). (Doc. 106)

      This action concerns sixteen patented lode mining claims located in the Copper Mountain Mining District of Greenlee County, AZ. (Doc. 67, pp. 1-2) The plaintiff, Cuprite Mine Partners (Cuprite), owns a 5/6 fractional interest in each of the sixteen mining claims. (Doc.

67, p. 2)  The remaining 1/6 fractional interest is owned by one of the five individual defendants[1].  (Doc. 67, pp. 2-3)  Cuprite filed this action to have the sixteen mining claims partitioned by sale pursuant to A.R.S. §§ 12-1211 and 12-1218.  (Doc. 14)  Apparently, Cuprite would like to sell the mining claims to the owners of the copper mine next door, but the defendants refuse to agree.  (Doc. 67, p. 3)  In the pending motion for summary judgment, Cuprite argues the court must order partition by sale rather than partition in kind.  (Doc. 66)

After the pending motion for summary judgment was filed, the defendant John H. Anderson (JHA) filed a counterclaim against Cuprite, Mark L. Anderson, and George G. Anderson for breach of fiduciary duties.  (Doc. 96)

On February 5, 2013, the defendants filed the pending motion for the court to try the partition issue with an advisory jury pursuant to Fed.R.Civ.P. 39(c)(1).    (Doc. 106)

The case has been referred to Magistrate Judge Bowman for report and recommendation pursuant to the local Rules of Practice.  LRCiv 72(a).

Standard of Review:  Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

---

[1] When the action was originally filed, all 16 of the 1/6 interests were owned by the defendant John H. Anderson (JHA). (Doc. 67, p. 2) Cuprite suggested in its original complaint that a contiguous portion of land could be carved out and given to JHA. (Doc. 1, pp. 3, 6) Shortly afterwards, JHA distributed 12 of his property interests among his four children. (Doc. 67, pp. 2-3) Each child now has a 1/6 interest in three of the mining claims. *Id.*; (Doc. 14-1) JHA retained his 1/6 interest in four of the mining claims. *Id.* Each set of three claims (or four, in the case of JHA) is not contiguous. *Id.* The complaint was subsequently amended to accommodate these four additional defendants. (Doc. 14)

1  The initial burden rests on the moving party to point out the absence of any genuine issue
2 of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If
3 the moving party has the burden of proof at trial, that party carries its initial burden by
4 presenting evidence showing no reasonable trier of fact could find for the nonmoving party.
5 *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *U. S. v. Four Parcels of Real*
6 *Property*, 941 F.2d 1428, 1438 (11th Cir. 1991).  If the moving party does not have the burden
7 of proof at trial, that party carries its initial burden by either presenting evidence negating an
8 essential element of the nonmoving party's claim or demonstrating the nonmoving party cannot
9 meet its burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552; *Nissan*
10 *Fire & Marine Insurance v. Fritz*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Once satisfied, the
11 burden shifts to the nonmovant to demonstrate through production of probative evidence that
12 an issue of fact remains to be tried. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

13  When considering a motion for summary judgment, the court is not to make credibility
14 determinations or weigh conflicting evidence. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir.
15 1990).  Instead, the court should draw all inferences in the light most favorable to the
16 nonmoving party. *Id.*  That said, it remains the job of the nonmoving party "to identify with
17 reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91
18 F.3d 1275, 1279 (9th Cir. 1996).

19  The court finds there is "no genuine dispute as to any material fact" and  partition by sale
20 is required "as a matter of law." Fed. R. Civ. P. 56(a).

21

22  Discussion

23  The Arizona Revised Statutes provide an "owner or claimant of real property or any
24 interest therein" a cause of action to "compel a partition of the property between him and other
25 owners or claimants. . . ." A.R.S. § 12-1211(A). The statutory scheme contemplates a partition
26 in kind with each claimant receiving a share in proportion to his or her interest in the property.
27 A.R.S. § 12-1216.

28

1  If, however, "it appears to the court that fair partition of the property cannot be made
2  without depreciating the value thereof, or that for any reason a sale is more beneficial to the
3  parties or any of them, it shall in the first instance, enter a judgment directing that the real
4  property be sold." A.R.S. § 12-1218(B).

5  In the pending motion for summary judgment, Cuprite argues the court must order
6  partition by sale rather than partition in kind. (Doc. 66) Cuprite is correct.

7  Lode mining claims are not, in general, easily susceptible to partition in kind, and these
8  particular claims are no exception. That is because the distribution of ore under the ground is
9  not uniform and without extensive and costly investigations, which have not occurred here, it
10 is impossible to partition a mining claim in a way that gives each owner equal value. *See* (Doc.
11 54-1, p. 1) ("There seems little doubt that some ore is present on the claims; the principal
12 problem is development to determine the amount."); *Manley v. Boone*, 159 F. 633, 636 (9th Cir.
13 1908) ("It is quite true that mining property, from its very nature, is not, as a rule, susceptible
14 of division, and consequently that partition of such property must generally result in its sale.");
15 4 Am. L. Mining 2d § 141.02[9] ("[T]he nature of mining property makes it difficult to imagine
16 how a physical division could be made equitably, since rarely, if ever, is it possible to know the
17 quantity, quality, or location of ore in place beneath the surface."). In addition, the unique
18 location of these mining claims would make any physical division of the claims problematic.

19 The sixteen mining claims sit in a loose group at the top of a mountain on the edge of a
20 large open pit copper mine. (Doc. 14-1); (Doc. 83-3) The parties seem to agree that if the
21 mining claims contain any ore at all it is likely to be copper ore in relatively low concentrations,
22 so low that the only economically feasible method of extracting the ore would be by strip-
23 mining. *See* (Doc. 76, pp. 15-16)

24 The copper mine next door is the logical buyer, and, in fact, it has recently extended an
25 offer to purchase the group of claims. *See* (Doc. 78, ¶¶ 18, 20, 24) The value of each individual
26 claim, to this purchaser at least, is related to how close it is to the existing mine. All things
27 being equal, it would be easier to excavate claims that abut the existing pit than those that are

28 - 4 -

1 in back. It would be difficult, if not impossible, to mine the claims in the second or third row
2 if the claims in front refused to sell. *See also* (Doc. 78, ¶ 32)

3   If each mining claim were partitioned, 1/6 of each claim on the edge of the pit would be
4 owned by one of the defendants. If that defendant refused to sell, the land around and behind
5 that 1/6 portion might lose access to the existing excavation and consequently lose significant
6 value. *See* (Doc. 78, ¶ ¶ 12, 23)

7   A related problem results from the nature of the strip-mining excavation itself. Because
8 strip-mining excavations must be made in the shape of a shallow bowl, mining ore deep below
9 the surface requires removal of large amounts of the surrounding surface land. *See* (Doc. 78,
10 ¶ 23) ("For every one foot deep that Freeport-McMoRan mines downward, it has to widen the
11 open pit by two feet."). Accordingly, if each claim were partitioned in kind and one party
12 refused to sell[2], the reminder of that claim could not be mined efficiently because a shallow
13 bowl-shaped excavation could not be made without encroaching on the unsold portion. *See*
14 (Doc. 79, p. 20)

15   Because the distribution of ore beneath the claims is unknown, because the logical
16 purchaser of the claims sits next to some of the claims but not others, and because of the
17 physical profile of strip-mining excavations, a fair partition in kind of the sixteen mining claims
18 could not be accomplished. Accordingly, the sixteen mining claims should be partitioned by
19 sale. *See, e.g., Arnold v. Cesare* ,137 Ariz. 48, 53, 668 P.2d 891, 896 (App. 1983) ("The court
20 was obviously of the opinion that there might be problems as far as getting the parties to
21 cooperate in the division of property and in providing access to portions of it and it did not err
22 in ordering the sale of the property.").

23   The defendants argue that granting summary judgment to the plaintiff at this stage is
24 contrary to the statutory scheme, which instructs the court to appoint three commissioners, allow

---

26 [2] Some of the defendants have suggested that after partition in kind they might construct a residence on their portion of the claim or possibly establish a habitat for the desert big horn sheep.
27 (Doc. 76, pp. 13-14) Whether these comments were made in earnest is a matter of some disagreement.

- 5 -

them to attempt partition in kind, and then hold a hearing to determine whether or not partition in kind is feasible. The defendants are correct when they state that the statutory scheme reflects a preference for partition in kind. Here, however, the plaintiff has established that no genuine issue of material fact remains to be determined and partition by sale is required by law. Accordingly, there is no need for a hearing to determine the feasibility of partition in kind, and summary judgment should be granted on this issue.

The court in this case sits in diversity. And while the underlying cause of action is created by a state statute, the summary judgment procedure is governed by federal, not state law. *In re Exxon Valdez*, 484 F.3d 1098, 1100 (9th Cir. 2007). If, as in this case, a party can establish that no genuine issue of material fact exists and the party is entitled to judgment as a matter of law, then this court may grant summary judgment pursuant to Fed.R.Civ.P. 56 even if a different procedure might have been followed had the action been brought in state court. *See Helmich v. Kennedy*, 796 F.2d 1441, 1443 (11th Cir. 1986) (District Court did not need to conduct a hearing prior to granting summary judgment even though it would have been required had the case been litigated in state court.); *Maroules v. Jumbo, Inc.,* 452 F.3d 639, 645-646 (7th Cir. 2006) ("Federal courts may therefore grant summary judgment under Rule 56 upon concluding that no reasonable jury could return a verdict for the party opposing the motion, even if the state would require the judge to submit an identical case to the jury.").

The defendants argue that if the claims are partitioned by sale, they should be sold individually, not as a bundle. (Doc. 76, pp. 7-8) But as the court has observed, allowing the claims to be purchased individually would put the owners of the claims in back at the mercy of the owners of the claims in front and on the sides. The claims at the back would lose significant value if this approach were taken. The claims therefore must be sold as a group with "each claimant receiving a share in proportion to his or her interest in the property" as a whole. A.R.S. § 12-1216.

Finally, the defendants argue partition by sale should not be allowed because a sale will not "capture something close to full value for the owners." (Doc. 76, p. 2)  The statute, however, does not require that partition by sale return "full value" to the owners.  The statute only requires that partition by sale be more "beneficial" than partition in kind, and here it is. A.R.S. § 12-1218(B).

### Discussion: Advisory Jury

The defendants move that the court try the partition issue with an advisory jury. (Doc. 106) The rule reads in pertinent part as follows: "In an action not triable of right by a jury, the court, on motion or on its own: (1) may try any issue with an advisory jury. . . ." Fed.R.Civ.P. 39(c)(1).

The defendants argue an advisory jury should be empaneled because "these sixteen mining claims are unique in today's world." (Doc. 106) They note that JHA is entitled to a jury trial on his counterclaim and suggest that this same jury could act as an advisory jury on the question of partition. *Id*.

As the court stated above, however, there are no genuine issues of material fact and partition by sale is required by law. Empaneling an advisory jury on the issue of partition would only cause delay and the unnecessary expenditure of judicial resources.

### Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING the plaintiff's motion for summary judgment pursuant to Fed.R.Civ.P 56 (Doc. 66) and DENYING the defendants' motion that the court try the partition issue with an advisory jury. (Doc. 106)

The District Court should give the parties 30 days to nominate persons who would be willing to serve as commissioner pursuant to A.R.S. § 1218(B) and submit proposed instructions with which the commissioner should be charged.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See U. S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

DATED this 11th day of March, 2013.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge