**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Cuprite Mine Partners, L.L.C., an Arizona limited liability company, | CIV 12-286 TUC DCB (LAB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| John H. Anderson, a married man acting in his sole and separate capacity; et al., | |
| Defendants; | |
| John H. Anderson, an individual, | |
| Counter-plaintiff, Third-party Plaintiff, | |
| v. | |
| Cuprite Mine Partners, L.L.C., an Arizona limited liability company; Mark L. Anderson, an individual; and George G. Anderson, an individual, | |
| Counter-defendant, Third-party defendants. | |

Pending before the court is a motion to dismiss filed by third-party defendants, Mark L. Anderson and George G. Anderson, on January 28, 2013. (Doc. 103)

This action concerns sixteen patented lode mining claims located in the Copper Mountain Mining District of Greenlee County, AZ. (Doc. 67, pp. 1-2) The plaintiff, Cuprite Mine Partners (Cuprite), owns a 5/6 fractional interest in each of the sixteen mining claims. (Doc. 67, p. 2) The remaining 1/6 fractional interest is owned by one of the five individual

1  defendants. (Doc. 67, pp. 2-3) Cuprite seeks to have the sixteen mining claims partitioned by
2  sale pursuant to A.R.S. §§ 12-1211 and 12-1218. (Doc. 14) Apparently, Cuprite would like to
3  sell the mining claims to the owners of the copper mine next door, but the defendants refuse to
4  agree. (Doc. 67, p. 3)

5  In the pending motion to dismiss, third-party defendants, Mark Anderson and George
6  Anderson, move to dismiss the claim filed against them by the defendant/third-party plaintiff
7  John H. Anderson (JHA). (Doc. 103); (Doc. 96)

8  The case has been referred to Magistrate Judge Bowman for report and recommendation
9  pursuant to the local Rules of Practice. LRCiv 72(a).

Background

12  This case has a rather complicated history. The 16 mining claims at issue were originally
13  owned by Guy Anderson. (Doc. 96, p. 2-3); (Doc. 67, p. 2) After he died, they passed to his
14  six children, who held the mining claims as co-tenants. Three of those children are the present
15  defendant/third-party plaintiff JHA and the third-party defendants, George G. Anderson and
16  Mark L. Anderson. (Doc. 67, p. 2)

17  Recently, the owners of the copper mine next door expressed an interest in purchasing
18  the 16 mining claims. All of the co-tenants were in favor of a sale with the exception of JHA,
19  who believed the offered sale price was too low. Subsequently, the sale-favoring co-tenants
20  formed the Cuprite Mining Partners (Cuprite) for the purpose of seeking partition.

21  On April 17, 2012, Cuprite filed the instant action against sole defendant John H.
22  Anderson (JHA). At the time, he owned all 16 of the 1/6 interests that Cuprite did not control.
23  (Doc. 67, p. 2) Cuprite suggested in its original complaint that the court order partition in kind
24  because a contiguous portion of land could be carved out and given to JHA. (Doc. 1, pp. 3, 6)
25  Shortly afterwards, JHA distributed 12 of his 16 property interests among his four children.
26  (Doc. 67, pp. 2-3) Each child now has a 1/6 interest in three of the mining claims. *Id*.; (Doc.

14-1) JHA retained his 1/6 interest in four of the mining claims. *Id*. Each set of three claims (or four, in the case of JHA) is not contiguous. *Id*.

Cuprite subsequently amended the complaint to include these four additional defendants. (Doc. 14) In the amended complaint, Cuprite alleges that partition in kind is no longer feasible and partition by sale is required. (Doc. 14, p. 5)

The defendants filed motions to dismiss pursuant to Rule 12(b)(6) arguing joinder of all defendants and mining claims in one action was improper. The court denied the defendants' motions to dismiss on December 3, 2012. (Doc. 88)

Previously, Cuprite filed a motion for summary judgment arguing the mining claims as a matter of law must be partitioned by sale rather than partitioned in kind. (Doc. 66) Cuprite's motion for summary judgment remains pending.

Shortly after the court denied the defendants' motions to dismiss, the defendants filed answers to the amended complaint. JHA also filed a counterclaim/third-party complaint[1] against Cuprite, George G. Anderson (George), and Mark L. Anderson (Mark) for breach of fiduciary duties. (Doc. 96) Originally, George and Mark each held a 1/6 interest in each of the 16 mining claims in common with JHA. They subsequently conveyed their interest to Cuprite Mining Partners (Cuprite) before the present action was filed.

On January 5, 2013, George and Mark filed the pending motion to dismiss the third-party complaint. (Doc. 103) They argue the complaint fails to state a claim upon which relief may be granted because the conduct ascribed to them by JHA does not breach any recognized legal duty.

---

[1] The third-party complaint is captioned a "cross-complaint." (Doc. 96) A crossclaim, however, is directed against a coparty. Fed.R.Civ.P. 13(g). Cuprite is the opposing party, so a claim directed against it by a defendant would be a counterclaim. Fed.R.Civ.P. 13(a). Mark L. Anderson and George G. Anderson are not original parties, so a complaint directed against them is a third-party complaint. Fed.R.Civ.P. 14.

- 3 -

Standard of Review

"A Rule 12(b)(6) motion tests the legal sufficiency of the claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). The claim must allege a legally cognizable theory of relief and include factual allegations sufficient to support that theory. *Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

To survive the motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (internal punctuation omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556, 1965 (internal punctuation omitted).

Discussion

Contrary to Rule 8(a)(2), the complaint is not a "short and plain statement of the claim showing that the pleader is entitled to relief." Instead, it is a long and involved narrative of sales negotiations that took place before this action was filed between Mark and George and representatives of the Freeport-McMoRan (Freeport) mine. (Doc. 96) The Freeport mine abuts the 16 mining claims at issue here. Apparently, Mark and George were interested in selling the claims to Freeport, but JHA believed the offering price was inadequate. *Id*.

JHA believed the co-tenants had a duty to present a united front to Freeport because only then would they be able to secure the best deal. *Id*. Instead, Mark and George reached a separate tentative agreement with Freeport. *Id*. They planned to divide the claims into two parts. *Id*. One part, "pushed off to one side," would be reserved for JHA, and then the remainder would be available to sell to Freeport. (Doc. 96, p. 10) (punctuation modified) The original partition complaint in this action was presumably an attempt to achieve this division in kind.

JHA asserts that Mark and George's course of conduct breached the fiduciary duty they owed him as tenants in common. (Doc. 96, p. 12)  As a result, his bargaining position has been hopelessly compromised, and he has lost his share of the purchase price and royalties that otherwise would have been agreed to.

In the pending motion, Mark and George argue that no fiduciary obligation exists between tenants in common, or at least no obligation that they could have breached based on the allegations in the third-party complaint.  The court agrees.

In general, "[a] fiduciary relationship is a confidential relationship whose attributes include great intimacy, disclosure of secrets, or intrusting of power." *Taeger v. Catholic Family and Community Services*, 196 Ariz. 285, 291, 995 P.2d 721, 727 (App. 1999) (punctuation modified).  "In a fiduciary relationship, the fiduciary holds superiority of position over the beneficiary."  *Id*.  Accordingly, the fiduciary has a duty to act with "utmost fairness and honesty" in its dealings with that beneficiary.  *Taeger*, 196 Ariz. at 293, 995 P.2d at 729.  A fiduciary relationship exists between a trustee and beneficiary, between a real estate broker and client, and between an attorney and client.  *In re Naarden Trust*, 195 Ariz. 526, 529, 990 P.2d 1085, 1088 (App. 1999) (trustee);  *Underdown v. Reche*, 122 Ariz. 439, 441, 595 P.2d 671, 673 (App. 1979) (real estate broker);  *Matter of Piatt*, 191 Ariz. 24, 26, 951 P.2d 889, 891 (1997) (attorney).

The mere fact of co-tenancy does not, in and of itself, create a fiduciary relationship between the co-tenants in all matters.  *Stoltz v. Maloney*, 129 Ariz. 264, 267, 630 P.2d 560, 563 (App. 1981).  A fiduciary relationship will be recognized, however, if warranted by particular circumstances.  *Id*.

For example, a co-tenant in possession has a duty to operate the property in a manner that does not impair the interests of all.  *In re Brumgard*, 2007 WL 7532272, *5 (9th Cir. BAP 2007). If the co-tenant is receiving all the profits and rents from the property, the co-tenant has a duty to see that the taxes on the property are paid assuming the property generates sufficient revenue to do so.  *Id*. at *10.  A co-tenant in possession may not, for example, allow the taxes to go

- 5 -

unpaid and then purchase the common property for himself at a tax sale. *Stoltz*, 129 Ariz. at 267, 630 P.2d at 563. Presumably, this is because the absent co-tenants may reasonably rely on the co-tenant in possession to keep the taxes paid or at least inform them if they are not. On the other hand, if the taxes are assessed separately against each co-tenant, then a co-tenant may purchase for himself the interest of a former co-tenant at a tax sale. *Id*. at 268, 564. The defaulting co-tenant has no one but himself to blame for failing to pay his taxes.

In the third-party complaint, JHA claims George and Mark have a fiduciary duty to act with utmost loyalty toward their co-tenants when they are conducting sales negotiations with third parties. (Doc. 96) The co-tenants must, he reasons, act in concert in order to maximize the benefit for all. *Id*. Failure to do so, he argues, is a violation of the fiduciary duty they owe to each other. *Id*. JHA, however, has not directed the court to any case in which such a far reaching fiduciary duty has been found to exist between co-tenants, and the court has found none.

The court concludes that the mere fact of co-tenancy is insufficient to support such a duty. There is no inherent intimacy or superiority of position between co-tenants. Accordingly, the ordinary rationale justifying the imposition of fiduciary duties is absent. Moreover, JHA's expansive view of a co-tenant's fiduciary duties runs counter to the current state of case law.

Under existing case law, a co-tenant is free sell his interest to a third-party. *See Register v. Coleman*, 130 Ariz. 9, 12, 633 P.2d 418, 421 (1981). He may mortgage his interests "without the consent or concurrence of his co-tenants." *Cooley v. Veling,* 19 Ariz.App. 208, 209, 505 P.2d 1381, 1382 (1973). Likewise, a co-tenant may seek severance of the property if he believes it would be in his best interests. Indeed, the partition statute explicitly allows for this. A.R.S. § 12-1211. These rights run counter to the expansive fiduciary duty envisioned by JHA, which would not permit a co-tenant to negotiate the sale of his individual property interest without first considering the effect that sale would have on his co-tenants.

When negotiating with a prospective third-party purchaser, acting in concert might indeed maximize the value for all co-tenants. There is, however, no fiduciary duty to do so.

*See, e.g., Ward v. Graydon*, 264 P.3d 764, 767 (Utah App. 2011) (rejecting plaintiff's argument that "actions by a co-tenant that adversely affect the interests of the other co-tenants violate the confidence and trust inherent in this community of interest, and may be a breach of a co-tenant's fiduciary duty.").

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING the motion to dismiss filed by third-party defendants, Mark Anderson and George Anderson, on January 28, 2013. (Doc. 103) The third-party complaint alleges breach of a fiduciary duty that Arizona law does not recognize. The third-party complaint should be dismissed as it relates to third-party defendants, Mark Anderson and George Anderson. (Doc. 96)

The third-party complaint also names the corporate plaintiff, Cuprite, as an additional defendant. The complaint, however, does not make any allegations against Cuprite. *See* (Doc. 96); (Doc. 100, p. 4) Accordingly, the complaint also must be dismissed as it relates to Cuprite. (Doc. 96)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See U. S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003). Reply briefs in support of objections are not permitted under the Local Rules.

DATED this 26th day of April, 2013.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 7 -