UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Cuprite Mine Partners, LLC, an Arizona limited liability company,<br><br>        Plaintiff,<br>v.<br><br>John H. Anderson, a married man acting in is sole and separate capacity, et al.,<br><br>        Defendants. | CV 12-286-TUC-DCB<br><br>**ORDER** |

The Court grants summary judgment for the Plaintiffs, grants dismissal of the Third-party Complaint, and denies the Defendants' motion for an advisory jury. The Court appoints a commissioner to sell the mining claims and deposit the proceeds with the Court to be divided between the persons entitled thereto according to their interests. A.R.S. § 12-1218(B) and (C).

This matter was referred to Magistrate Judge Leslie A. Bowman on July 16, 2012, pursuant to the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On December 3, 2012, this Court issued an Order adopting her Report and Recommendation (R&R) to deny five motions to dismiss the Plaintiff's Amended Complaint which were urged pursuant to Fed. R. Civ. P. 12(b)(6). The Court found the Amended Complaint states a claim for partition under A.R.S. § 12-1211. Thereafter, the matter remained referred to Judge Bowman.

The Magistrate Judge succinctly describes the case as an action, pursuant to A.R.S. § 12-1211 and 12-1218, for partition of 16 patented mining claims. Plaintiffs want to sell the

mining claims to the owner of an open-pit copper mine, Freeport McMoRan Copper & Gold, operating on adjacent property. Defendants do not want to sell. The question is whether the property may be physically partitioned or must be partitioned by sale.

The mining claims at issue were acquired in the early 20th century by Guy Anderson, who passed them to his six children upon his death. Each child was given a one-sixth interest in each claim. When the action began, five of the siblings formed the Plaintiff entity Cuprite Mine Partners, LLC (Cuprite) and sued the sixth sibling, John H. Anderson (JH Anderson). Then, Defendant JH Anderson gave twelve of his interests to his four children by giving three claims to each child, and kept four claims for himself. JH Anderson apportioned these one-sixth interests in the 12 claims between his children so they were not contiguous to each other.

Plaintiffs amended the Complaint to add the new JH Anderson Defendants: the JH Anderson children. Defendants argued that Arizona's partition statute refers to contiguous square footage within an owners' group, which did not exist subsequent to ownership being passed to the JH Anderson children. The Court rejected this argument when it denied Defendants motions to dismiss. (Order (Doc. 88) (adopting R&R (Doc. 65) at 2-4.) Defendants JH Andersons filed a "Cross-Complaint" against Cuprite that alleges George and Mark Anderson breached fiduciary duties, which Cuprite adopted and ratified. The Magistrate Judge referred to this as a Third-Party Complaint, and George and Mark Anderson are Third-Party Defendants.

On October 18, 2012, the Plaintiffs moved for summary judgment, pursuant to ARS 12-1218, asking the Court to direct the appointment of a commissioner to sell the property, with distribution of the proceeds to the parties.

On January 28, 2013, Third-Party Defendants George and Mark Anderson filed a Motion to Dismiss the Third-Party Complaint for breach of fiduciary duty.

On February 5, 2013, the Defendants filed a Motion for the Court to Try the Partition Issues to an Advisory Jury.

Magistrate Judge Bowman issued two R&Rs.  She recommends granting Cuprite's Motion for Summary Judgment and Third-party Defendants Mark and George's Motion to Dismiss, and she recommends denying Defendants JH Andersons' motion for an advisory jury trial.  The Court accepts and adopts the Magistrate Judge's R&Rs as the findings of fact and conclusions of law of this Court.

**STANDARD OF REVIEW**

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). To the extent that no objection is made, arguments to the contrary have been waived.  Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also  McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Defendants filed objections.  The Plaintiffs did not respond, except to move to strike a supplemental objection filed by the Defendants.  The R&R is ready for consideration by the Court, which considers it in light of the Objection filed by the Defendants and the parties' briefs considered by the Magistrate Judge.

**REPORT AND RECOMMENDATIONS: OBJECTIONS**

1. Order of Partition by Sale

The Magistrate Judge recommends granting summary judgment because there is no genuine dispute as to any material fact and partition by sale is required as a matter of law. (R&R at 2 (citing Fed. R. Civ. P. 56(a)). The Magistrate Judge bases her recommendation on Arizona's partition statute, which provides for an owner or claimant of real property, such as the Plaintiffs, to file an action to compel a partition of property between him and other owners or claimants, A.R.S. § 12-1211(A), with each claimant receiving a share in proportion to his interest in the property, A.R.S. § 12-1216, but if it appears that fair partition of the property cannot be made without depreciating the value of the property or that for any reason a sale is more beneficial to the parties or any of them, then the first choice for the Court is to enter judgment directing that the property be sold and proceeds distributed accordingly, A.R.S. § 1218(B).

The Magistrate Judge found several reasons why in-kind partition is not possible and a sale is more beneficial. Defendants complain the Magistrate Judge applied old law, applicable to lode mining claims, which should not be applied, here, because the value of these claims is for surface mining. Lode mining claims generally refer to underground veins of ore, which are not easily partitioned because there is no way, without extensive investigation, to know where the vein runs on the property. In *Manley v. Boone*, 159 F.3d 633 (9th Cir. 1908), the case relied on by the Magistrate Judge, the court explained the nature of a mining claim makes physical division difficult because it is difficult to know the quantity, quality, or location of ore beneath the surface. (R&R (Doc 110) at 4.)

The Defendants argue that, here, the value of the mining claims is for surface, ie., strip, mining, making each mining claim equal in value, except for the variable of proximity to the Freeport mining operations. The Magistrate Judge considered this argument. The Court agrees with her conclusion that the nature of strip mining, which takes two feet on the surface for every foot of ground mined underneath, makes in-kind partition of one-sixth of each claim impossible and that in-kind partition of one-sixth of each claim would seriously depreciate the value of the mining claims. It would be impossible to strip mine only five-

sixths of each mining claim. Perhaps for different reasons, it remains true that mining claims, generally, and these claims specifically are not easily partitioned.

The Court rejects the Defendants' argument that if partition is ordered some claims should be afforded more value than others because some are closer to the Freeport strip mining operation. The Court finds this is a distinction without a difference. Gus Anderson gave each of his children a one-sixth undivided interest in each claim so the sale of each or all the claims amounts to a distribution in equal shares: one sixth.[1] These siblings had equal interests in all 16 claims until JH Anderson divested himself of his interests in 12 of the claims. Any dispute between JH Anderson's four children regarding unequal values between themselves falls outside this action. And, such potential discord is another reason to partition these claims now rather than later when what was once six interests, which is now ten, grows further.

The Court rejects the Defendants' assertion that the most equitable decision from this Court would be to order "No partition." (Objection (Doc 111) at 7-8.) The Court notes that two of the six Gus Anderson siblings have passed away during the pendency of this fight: Sue Marie Young died in 2009 and Jeanne Anderson Hubbard died in November 2012. Arizona's partition statute provides for partition in precisely these circumstances where parties cannot agree regarding use of a property, which will often be, as it is here, because they cannot agree to the value or sale price for the property. The Court notes that five of Gus Anderson's children would like to sell the property to Freeport McMoRan, the strip mining company operating on adjacent land, which has made them an offer. Only JH Anderson does not want to sell at the price being offered by Freeport, but even he agrees that Freeport is the logical buyer. When parties cannot agree on how to voluntarily partition property, the statute applies. *McCready v. McCready*, 810 P.2d 624, 623 (Ariz. App. 1991).

---

[1] The Court is aware that Plaintiff Cuprite holds five-sixths of the interests in the mining claims and Defendants JH Andersons, together, hold one-sixth.

It is undisputed that the value of the claims is for strip mining. This finding of fact alone is sufficient to support the Magistrate Judge's recommendation that this Court find partition by sale to be beneficial in this case. The Court so finds and enters summary judgment for Plaintiffs as a matter of law. Fed. R. Civ. P. 56.

Additionally, the record reflects that even if one-sixth of each claim could be partitioned in-kind, the parties are so at odds with each other that in-kind partition would be impossible. For example, the Defendants assert they will establish such uses as a wild-life refuge on some of their holdings, which would be entirely incompatible with mining the other five-sixths of a claim. The Court is convinced that the parties are incapable of cooperating even for the most basic things such as access, and the Court finds for this reason partition by sale is more beneficial than in-kind partition. (R&R (Doc. 110) at 4 (citing *Arnold v. Cesare*, 668 P.2d 891, 896 (Ariz. App. 1983)).

The Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R for determining the pending Motion for Summary Judgment. For the reasons stated in the R&R, the Court grants the Motion for Summary. Because the Court is satisfied from the evidence before it that the property cannot be fairly divided in-kind, it may order, "without the aid of commissioners, the sale of the property on its own motion." *Bledso v. Hood*, 36 P.2d 564, 565-66 (Ariz. 1934). The Court orders the appointment of a commissioner to sell the property, and denies the Defendants' request for an advisory jury trial.

2.   Dismissal of Third-party Complaint

There are simply no facts nor any case law to support the Defendants' assertion that any fiduciary relationship exists between JH Anderson and George and Mark Anderson. The relationship between the parties is as tenants in common. As a matter of law, no fiduciary relationship or duties exist. (R&R (Doc. 113)). Because there is no breach of fiduciary duty by George and Mark Anderson, the Third-party Complaint fails against Cuprite. The Court

adopts the findings of fact and conclusions of law as set out in the Magistrate Judge's R&R. The Court grants the Third-party Motion to Dismiss.

3.   Oral Argument

Defendants seek oral argument, which the Court denies. Under a *de novo* standard, the Court reviews the case anew. The statute, 28 U.S.C. § 636(b)(1)(C), provides for a *de novo* determination by the Court, not a *de novo* hearing, and the Court may in its discretion afford a degree of deference to the Magistrate Judge's R&R. *United States v. Raddatz*, 447 U.S. 667, 676 (1980). Nevertheless, the Court is obligated to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which the party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

Here, the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, and the Court has reviewed the motion briefs considered by the Magistrate Judge. The Court finds that oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required). As is evidenced by the Defendants Objections and multiple supplemental objecting memorandum, the arguments in this case have been made and remade. This truly is a case were further argument will not aid the Court in its decisional process.

**CONCLUSION**

After *de novo* review of the issues raised in Defendants' objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&Rs for determining the pending motions. The Court adopts both R&Rs, and for the reasons stated in them, the Court grants Plaintiffs Motion for Summary Judgment and orders partition by sale; the Court grants the Third-Party Defendants' Motion to Dismiss, and denies the Defendants' Motion for an Advisory Jury Trial.

- 7 -

**Accordingly,**

**IT IS ORDERED** that the motions for hearings (Docs. 112, 115) are DENIED.

**IT IS FURTHER ORDERED** that the Motion to Strike Supplement (Doc. 119) is DENIED.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 110) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 113) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (Doc. 66) for partition by sale is GRANTED for the appointment of a commissioner to sell the property and deposit the proceeds into the Court for distribution to be made by the Court to the parties.

**IT IS FURTHER ORDERED** that within ten days of the filing date of this Order, the Plaintiffs shall file a Notice giving the name of the commissioner to be appointed by the Court to conduct the sale of the property.

**IT IS FURTHER ORDERED** that the Third-party Defendants' Motion to Dismiss (Doc. 103) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion for an Advisory Jury (Doc. 106) is DENIED.

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a Judgment of partition by sale.

DATED this 1st day of August, 2013.

*[signature]*
David C. Bury
United States District Judge